IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| KENNETH W. FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  07-3151 |
| | ) | |
| TRAVIS KOESTER and | ) | |
| SANGAMON COUNTY | ) | |
| SHERIFF'S DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Motion to Dismiss Complaint of Plaintiff by Defendant, Sangamon County Sheriff's Department (d/e 9). For the reasons set forth below, the Motion is allowed. Plaintiff Kenneth Foster states a claim against Defendant Travis Koester, but not Defendant Sangamon County Sheriff's Department (Department).

For purposes of the Motion, the Court must accept as true all well-pleaded factual allegations contained in the Complaint (d/e 2), and draw all inferences in the light most favorable to Foster. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v.

1

Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996).  The Complaint should not be dismissed unless it appears beyond doubt that Foster can prove no set of facts that would entitle him to relief against the Department. Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996).

Foster alleges that he was at home at 933 North Milton #1, Springfield, Illinois, on the evening of June 5, 2007.  At about 7:45 p.m., he heard knocking at his back door.  The knocking became louder.  He went to ask who was there.  The person on the other side of the door, Defendant Sangamon County Deputy Koester, did not identify himself, but demanded that Foster open the door.  Koester started kicking the door and eventually broke the door open.  Koester then assaulted Foster by choking him and pushing Foster up against the wall.  Koester did not present any warrant to Foster.  Rather, he arrested Foster and handcuffed Foster so tightly that Foster's hands went numb.  Koester took Foster into custody.  Foster spent parts of three days in jail before he was released.  No charges were filed against Foster.  Complaint, at 4-5.

Foster seeks damages from Koester and the Department for Koester's actions pursuant to the civil rights laws.  42 U.S.C. § 1983.  Normally, liability under § 1983 is imposed personally on the individual who

committed the civil rights violation.  See <u>Auriemma v. Rice</u>, 957 F.2d 397 (7th Cir. 1992).  The Department is part of Sangamon County, Illinois, a municipality.  Liability will only be imposed on a municipality, such as the Department, if the municipality is directly culpable for the actions.  A municipality is only culpable for the civil rights violations of its employees if the actions were taken pursuant to official Department policy or if the actions were taken as part of a custom or practice of the Department that existed at the time of the incident.  <u>Calusinski v. Kruger</u>, 24 F.3d 931, 936 (7th Cir. 1994).

    Foster does not allege that Koester's actions were taken pursuant to official Department policy or were taken as part of a custom or practice of the Department that existed at the time of the incident.  He, therefore, fails to state a claim against the Department.  The Motion is, thus, allowed.

    THEREFORE, the Motion to Dismiss Complaint of Plaintiff by Defendant, Sangamon County Sheriff's Department (d/e 9) is ALLOWED.  Foster may proceed against Koester, but the claims against Defendant Sangamon County Sheriff's Department are dismissed.  The Department is dismissed as a party to this case.

IT IS THEREFORE SO ORDERED.

ENTER:   September 19, 2007

    FOR THE COURT:

                                                          s/ Jeanne E. Scott
                                                 JEANNE E. SCOTT
                                    UNITED STATES DISTRICT JUDGE